UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AWUDU LAHADI,<br><br>               Petitioner,<br><br>v.<br><br>JEREMY CASEY, Warden,<br><br>               Respondent. | Case No.:  3:26-cv-3539-CAB-MSB<br><br>**ORDER:**<br>**(1) DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS, [Doc. No. 1];**<br><br>**(2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS, [Doc. No. 2]; and**<br><br>**(3) DENYING MOTION TO APPOINT COUNSEL, [Doc. No. 3].** |

Petitioner Awudu Lahadi, an immigration detainee proceeding pro se, has filed a second petition for a writ of habeas corpus.  [Doc. No. 1 ("Petition").]  Petitioner alleges he has been in immigration detention since he illegally crossed the U.S. border seeking asylum in December 2024.  In February 2025, an immigration judge ("IJ") denied Petitioner's asylum claim; Petition appealed this decision to the Board of Immigration Appeals ("BIA").  [Petition at 7.]

Petitioner then filed his first habeas petition.  [Case No. 3:26-cv-1751-CAB-JLB.] As a result, Petitioner received a bond hearing in May 2026 where the IJ denied bond due to a significant risk of flight.

Petitioner has now filed the instant, second Petition, which the Court **DISMISSES**. As this Court previously explained in the context of Petitioner's first petition, pursuing habeas review of an IJ's adverse bond determination before appealing to the BIA is an improper shortcut.  *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).  Only once Petitioner has exhausted his administrative remedies by appealing to *and* receiving a decision from the BIA may he seek relief of that bond determination via a habeas petition to this Court.  *Id.*  Because the Court dismisses the Petition, the motion to proceed in forma pauperis and the motion to appoint counsel are also **DENIED**.  [Doc. Nos. 2, 3.]

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: June 23, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge